UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Travis Nicholson, ) | C/A No. 3:09-2533-CMC-JRM |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | REPORT AND RECOMMENDATION |
| ) | |
| Tony Davis, Sheriff, Greenwood County Sheriff Office, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

The petitioner, Travis Nicholson ("Petitioner"), proceeding *pro se*, brings this action for habeas relief.[1] It appears that Petitioner is incarcerated in the Greenwood County Detention Center pursuant to a contempt order related to failure to pay child support. Petitioner files this action *in forma pauperis* under 28 U.S.C. § 1915. Petitioner seeks to have the contempt order conviction and sentence vacated for a new trial, and he also requests that he be awarded good time credits. (Pet. at p.16) This action should be summarily dismissed for failure to exhaust State remedies.

*Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition filed in the above-captioned case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. § 1915, the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v.*

---

1) Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court.

1

*Baskerville*, 712 F.2d 70 (4th Cir. 1983). This Court is required to construe *pro se* petitions liberally. *Erickson v. Pardus*, 551 U.S. 89 (2007). Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978). When a federal court is evaluating a *pro se* petition, the petitioner's allegations are assumed to be true. *Hughes*, 449 U.S. at 9. However, even under this less stringent standard, the petition submitted in the above-captioned case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). Furthermore, even if the petitioner had paid the full filing fee, this Court is charged with screening the petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules governing 2254 and Habeas Corpus cases.

## Background

Petitioner alleges that on September 18, 2009, he received a one-year sentence imposed by the Greenwood County Family Court based upon five "cases" related to child support. (Pet. at p.1) Petitioner alleges that he pled not guilty. *Id.* Petitioner alleges that he appeared "briefly" before the judge who decided his cases and that he testified about his medical condition and described why he could not work due to seizures. (Pet. at pp.2, 6-7) Petitioner alleges that he advised the family court judge that he had a pending disability claim. (Pet. at p.6) Petitioner alleges that he was placed into a holding cell and moments later learned that the judge had given him a one-year sentence but the

2

Petitioner was not present during the sentencing and did not hear the reasons or explanation. (Pet. at pp. 5, 7) Petitioner alleges that he was "tried in his absence" in violation of the United States Constitution. *Id.* Petitioner seems to allege that he did not have an attorney during the proceeding and was not told of his right to obtain an attorney at his own expense. (Pet. at p.8) Petitioner alleges that he was not advised of his right to appeal and that he discovered his right to appeal after the date to appeal had expired. (Pet. at pp.5-6) Petitioner confirmed that he did not file an appeal from the court order which sentenced him. *Id.* Petitioner also did not file any other petitions, applications, or motions concerning the judgment of conviction in any State court. (Pet. at p.3)

Petitioner also alleges that his "liberty interest to good behavior good time and work credits are being violated." (Pet. at p.10) He alleges that the county jail does give "good behavior good time credits to persons convicted to control the violence and as an incentive to do good plus work credits for work done as part of their sentence," but he alleges that the respondent without reason is not giving him such credits even when he has not violated any rules. *Id.* Petitioner also alleges that Officer Angie Woodhurst has unlawfully discriminated against him "by the way good time credits are applied to my sentence." (Pet. at p.11) Petitioner alleges that Woodhurst causes judges to give black child support defendants harsher sentences without good time credits in contrast to white child support defendants. (Pet. at pp.11-12)

Petitioner seeks the following relief: "Remand the case with instructions as to Petitioner's Constitutional rights violation. New trial and/or addition of good time credits." (Pet. at p.16)

Discussion

Liberally construed, this petition sounds mainly in habeas pursuant to 28 U.S.C. § 2254 because Petitioner seeks to overturn the State family court contempt order conviction for his failure

3

to pay child support and the resulting one-year sentence.[2] To the extent Petitioner alleges that the respondent is unlawfully executing Petitioner's sentence based upon the refusal to give Petitioner good time and work credits that claim sounds in habeas pursuant to 28 U.S.C. § 2241.[3] Also, Petitioner's allegation that certain individuals are discriminating against him based upon his race could be an attempt to raise a civil rights claim except Petitioner does not seek any relief available under 42 U.S.C. § 1983.[4] Regardless of this action's label as a § 2254 or § 2241 or a mixed habeas petition, a writ of habeas corpus under both 28 U.S.C. § 2241 and 28 U.S.C. § 2254 can be sought only after a petitioner has exhausted his State court remedies.[5] *See* 28 U.S.C. § 2254(b); *Woodford v. Ngo*, 548 U.S. 81, 92 (2006) (noting that a "state prisoner is generally barred from obtaining federal habeas relief unless the prisoner has properly presented his or her claims through one 'complete round of the State's established appellate review process'"); *Braden v. 30th Jud. Cir. Ct.*,

---

2) In South Carolina, it appears that the family courts have exclusive jurisdiction over matters related to child support and enforcement of child support orders including proceedings against persons charged with failure to obey an order of the court. *See* S.C. Code Ann. § 63-3-530(A)(11)-(17) (1976). It also appears that it is a misdemeanor crime to fail to provide support to a minor child and that the State has authority to prosecute those type of cases. *See* S.C. Code Ann. § 63-5-20(A) (1976); *State v. Campbell*, 129 S.E.2d 902, 902-903 (S.C. 1963) (discussing the failure to pay support as a crime, tried and convicted by the State); *State v. Montgomery*, 144 S.E.2d 797 (S.C. 1965) (discussing a criminal prosecution for "bastardy" which punished a parent for failing to support a child).

3) Apparently, at some point in time a South Carolina family court judge who issued a "support contempt order" could indicate whether a person may receive good time credit or not. *See Wingo v. Spartanburg Co. Det. Center,* C/A No.9:08-1906-TLW-BM, 2008 WL 4280378 at *1, n.1 (D.S.C. Sept. 12, 2008).

4) If Petitioner desires to bring a civil rights action, he should request a § 1983 complaint form and package from the United States Clerk of Court at 901 Richland Street, Columbia, SC, 29201.

5) Exhaustion is statutorily required by 28 U.S.C. § 2254; whereas, when a petition for writ of habeas corpus is brought by a State prisoner pursuant to 28 U.S.C. § 2241, the exhaustion of State remedies is a judicially created requirement.

410 U.S. 484, 490-491 (1973) (noting that exhaustion of available state remedies is required under 28 U.S.C. § 2241).

In this case, it appears that on September 18, 2009, the Greenwood County Family Court convicted Petitioner of contempt for failure to pay child support and sentenced him to one-year imprisonment in the county jail. *See, e.g., Moseley v. Mosier*, 306 S.E.2d 624, 626 (S.C. 1983) (contempt occurs when a parent ordered to pay child support voluntarily fails to pay); S.C. Code Ann. §§ 63-3-530, 63-5-20 (1976). Petitioner alleges that he did not file an appeal and that the deadline to file an appeal has passed. Petitioner indicated that he did not file any other petitions, applications, or motions concerning the judgment of conviction in any State court. Thus, it is clear from the face of the petition that Petitioner has not exhausted his State court remedies because he has not filed any appeal, motion to modify or vacate, or other petition in the State court system seeking relief from his conviction and his sentence. If Petitioner is correct that his time to file a direct appeal has expired, it appears that Petitioner may still timely file an application for post-conviction relief in a court of common pleas. *See* S.C. Code Ann § 17-27-10 *et seq.* (1976); S.C. Code Ann. § 17-27-45(A) (1976) (a post-conviction relief application must be filed within one year after the entry of a judgment of conviction). *See also Miller v. Harvey*, 566 F.2d 879, 880-81 (4th Cir. 1977) (noting that South Carolina's Uniform Post-Conviction Procedure Act is a viable State court remedy); *Longworth v. Ozmint*, 377 F.3d 437, 448 (4th Cir. 2004) (finding that exhaustion requires State prisoners to complete at least one complete round of the State's established appellate review process by presenting the ground for relief in a face-up and square fashion). Also, it appears

that a person convicted of contempt for failure to pay child support may move the family court "to modify or vacate" the order. See S.C. Code Ann. § 63-3-530(A)(25) (1976).[6]

The United States District Court for the District of South Carolina should not keep this case on its docket while Petitioner is exhausting his State remedies.[7] *See Galloway v. Stephenson*, 510 F. Supp. 840, 846 (M.D.N.C. 1981) ("When State court remedies have not been exhausted, absent special circumstances, a federal habeas court may not retain the case on its docket, pending exhaustion, but should dismiss the petition.").

## Recommendation

This court recommends that the above-captioned case should be dismissed *without prejudice* and *without requiring the respondent to file a return* because Petitioner has not yet exhausted his State court remedies. *See Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006) (district courts are charged with the duty to independently screen initial filings and dismiss those actions that plainly lack merit without requesting an answer from the respondent); and the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214.

October 30, 2009  
Columbia, South Carolina

Joseph R. McCrorey  
United States Magistrate Judge

*The petitioner's attention is directed to the important notice on the next page.*

---

6) This court is *not* purporting to be an expert in the State post-conviction relief process regarding matters in family court. It is possible that other avenues for post-conviction relief exist in the State courts that are not mentioned in this report and recommendation. However, it is clear that Petitioner has not attempted to pursue any State court remedies prior to filing this federal habeas action.

7) There are specific time limitations for filing a habeas action in this federal court pursuant to 28 U.S.C. § 2254. *See* 28 U.S.C. § 2244(d).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).